Diane COLBY, on her own behalf and on behalf of a class of all other persons similarly situated,

v.

J.C. PENNEY COMPANY, INC., Defendant.

No. 80 C 2032.

United States District Court, N.D. Illinois, E.D.

Oct. 31, 1989.

Robert F. Coleman, Kenneth P. Ross, Robert F. Coleman & Associates, Chicago, Ill., for plaintiff.

P. Kevin Connelly, Lederer, Reich, Sheldon & Connelly, Chicago, Ill., Robert A. Marsac, Dikhouse & Wise, Detroit, Mich., for defendant.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Diane Colby filed this class action suit against J.C. Penney Company, Inc. on April

24, 1980. She could have sought discovery from Penney from that time until October 28, 1980, when Judge Moran of this district stayed discovery, but she did not. Judge Moran transferred this case to Judge Parsons of this district in August 1981; Judge Parsons lifted Judge Moran's stay order on September 29, 1981. Again Colby did not seek discovery. This discovery opportunity closed January 6, 1984, when Judge Parsons stayed action in this suit pending related litigation elsewhere.

A third opportunity for discovery began on April 10, 1987, following the Seventh Circuit's decision in *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119 (7th Cir.1987). This time Colby acted. On October 2, 1987, she asked Penney to produce numerous documents which Penney had gathered in its other suits. Penney responded on November 2, 1987, that it objected to part of Colby's request. Four days later, counsel for the parties purportedly discussed the request, and on January 6, 1988, Penney produced some, but not all, of the requested documents.

Colby's counsel states that six days later he wrote to Penney's attorneys, telling them that he was looking forward to seeing more documents. According to Colby's counsel, those documents never came. Nevertheless, Colby and her attorneys waited throughout 1988, and never once asked this court to compel production of the desired materials under Rule 37, Fed.R. Civ.P. Colby and her attorneys also did not seek depositions, file interrogatories, or request admissions from Penney throughout that year.

Colby's third (and in retrospect, last) opportunity for discovery closed January 31, 1989. On that date this court entered summary judgment in favor of Penney on all of Colby's claims. See *Colby v. J.C. Penney Co., Inc.*, 705 F.Supp. 425 (N.D. Ill.1989). The court granted summary judgment based on Penney's ability to prove that it had a legitimate business justification for adopting its so-called "head of household" rule for allocating medical and dental benefits. This legitimate business justification defeated Colby's claims that Penney's rule

violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (1982). See *Colby*, 705 F.Supp. at 432–33.

Key to this court's January decision were the facts contained in ¶¶ 28–29 of an affidavit by R.T. Messinger. Colby rightly noted that Penney did not properly put forth these sections of Messinger's affidavit in support of its motion for summary judgment. Colby thus moved for reconsideration of the court's judgment, and the court granted Colby's motion on September 6, 1989. At the same time the court stated that

it has considered ¶¶ 28–29 of Messinger's Affidavit, and has determined that they support Penney's defenses under the Bennett Amendment [to Title VII, 42 U.S.C. § 2000e–2(h)]. They also rebut Colby's claims of disparate impact of the head of household rule upon women, in violation of Title VII. The court will give Colby *seven* days from the entry of this order to respond to these two paragraphs. Colby shall treat them as if Penney had included them in its Local Rule 12(e) statement. Colby must respond to them under Local Rule 12(m), or otherwise move for a continuance under Rule 56(f), Fed.R.Civ.P.

*Colby v. J.C. Penney Company, Inc.*, 127 F.R.D. 509, 512 (N.D.Ill.1989) (emphasis added).

The clerk of this court docketed the court's order on September 7, 1989. By its terms and the operation of Rule 6(a), Fed. R.Civ.P., Colby's response or motion was due on September 18, 1989. Colby filed a motion under Rule 56(f), according to the docket, on September 19, 1989. Colby never moved for an extension of time under Rule 6(b).

Penney has opposed Colby's motion for a continuance under Rule 56(f). Penney's first argument is that Colby filed her motion late, and thus the court should disregard it. In response, Colby's attorney has filed his affidavit, which states that while he drafted Colby's motion on September 12, he had unexplained problems obtaining the affidavit required under the

Rule from Colby before September 18. The attorney believed it would be inefficient to file for a continuance, so he thus intentionally delayed filing his motion until September 19, a day on which this court had set a status hearing for this case.

As has become apparent to this court— one need only read *Colby*, 705 F.Supp. at 428–29 (decertifying class for ineffectiveness of counsel), and the facts recounted above—dispatch and attentiveness to the rules are not characteristics of Colby's attorneys. It was Colby's attorneys themselves who originally suggested that a motion for a continuance under Rule 56(f) would be proper in this proceeding. See *Colby*, 127 F.R.D. at 511. If Colby's attorneys believed, prior to September 18, that they had good cause for not filing their motion on time, they should have moved for a continuance under Rule 6(b). Instead, they took it upon themselves to determine what the court needed, and when.

■ To this day the court cannot determine if Colby's neglect in timely filing her motion was excusable, and thus something warranting an extension. The court thus believes it is entirely within its power to disregard Colby's motion for failure to comply with this court's September 6th order, and will do so. Even if the court lacked the discretion to ignore Colby's motion, however, Colby still would not be entitled to a continuance under Rule 56(f). That rule provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment under Rule 56] that the party cannot for reason stated present by affidavit facts essential to justify the party's opposition, the court may ... order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In deciding a motion for continuance under the rule, the court must focus on the reasons presented in the party's affidavit. The reasons " 'must be genuine and convincing to the court rather than merely colorable.' " *Pfeil v. Rogers*, 757 F.2d 850, 856–57 (7th Cir.1985), quoting *Robin Con-*

*struction Co. v. United States*, 345 F.2d 610, 614 (3d Cir.1965). The court need not grant a continuance if the party seeks discovery solely on issues not necessary to rebut the motion for summary judgment, see *First Nat. Bank v. Cities Service*, 391 U.S. 253, 298, 88 S.Ct. 1575, 1597, 20 L.Ed.2d 569 (1968); *Korf v. Ball State University*, 726 F.2d 1222, 1230 (7th Cir. 1984), or if the party's failure to obtain the needed materials is a result of the party's lack of diligence, see *Pfeil*, 757 F.2d at 857; *Otto v. Variable Annuity Life Ins.*, 814 F.2d 1127, 1138 (7th Cir.1987).

Colby's affidavit states in part:

> [The affidavit of R.T. Messinger] contains a number of factual statements, including certain statements in Paragraphs 28–29 which purport to establish a business justification for Penney's "head of household" rule. I am unable to dispute those statements at this time because I have not yet completed my discovery in this case, and many of the facts necessary to permit me to respond to those statements are within the control of Penney and therefore unavailable to me at this time.

> \*   \*   \*   \*   \*   \*

> Penney has responded in part to [my October 1987 Document] Request. Once my attorneys and I have had an opportunity to study the documents filed and the testimony given in the previous suits involving Penney's "head of household" rule, we may desire to propound additional discovery toward the following issues, among others: (a) [sic] the existence of a disparate impact of Penney's ... rule on its female employees; (2) any purported business justification for the rule; (3) any evidence of pretext in adoption of the rule; (4) any evidence of discriminatory intent on the part of Penney; and (5) evidence of damage to Colby and other female employees of Penney as a result of the rule. Much, if not all, of this evidence is currently within Penney's control.

It is apparent from the facts presented earlier and this affidavit that Colby is not entitled to a continuance under Rule 56(f).

As noted earlier, the object of a Rule 56(f) motion is to permit opposition to the motion for summary judgment. It is not for completing discovery generally. See *Cities Service*, 391 U.S. at 298, 88 S.Ct. at 1597 (discovery permitted under Rule 56(f) narrower than that allowed under general discovery rule, Rule 26). It is also not for discovery on issues not raised in the motion for summary judgment. As noted in *Colby*, 705 F.Supp. at 432, Penney conceded the disparate impact of its head-of-household rule for purposes of its motion for summary judgment. Colby does not need discovery on this issue to block entry of summary judgment. Similarly, whether the rule damaged Colby or Penney's other employees is immaterial to Penney's motion. Penney does not contest the class's damages in its motion.

■ Colby's justifications for a continuance thus boil down to two: (1) She has not yet "completed discovery" on the issues of business justification, pretext, and discriminatory intent, as "the facts necessary to permit [her] to respond" to Messinger's affidavit "are within the control of Penney and therefore are unavailable to [her] at this time." (2) With respect to facts which Penney already has provided, Colby and her attorneys need "an opportunity to study the documents...."

Neither of these reasons is sufficient. While the facts within Penney's control may be unavailable to Colby now, they were available for years, had Colby asked for them. If Colby felt that Penney responded inadequately to her 1987 request for production, she should have sought a court order compelling production under Rule 37. Colby ignored this remedy, however. While that was her right, she cannot be heard to assert diligence now. As for her need to study documents which Penney has produced already, the court observes that nearly nineteen months has passed between the time Penney produced them and the date of Colby's present affidavit. While this case was in suspension for nine of those months while Colby sought to reopen her case, Colby has put forth no reasons why twelve months was not oppor-

tunity enough to review these materials. This too is not a genuine, convincing reason why this court should grant a continuance under Rule 56(f).

■ This leaves the question of what order the court will enter today. In *Colby*, 705 F.Supp. at 428–29, the court decertified Colby as class representative prior to entering summary judgment against Colby alone. The reason for this was the court's perception that Colby's attorneys had harmed the interests of the class irreparably in contesting (or, rather, failing to contest) Penney's motion. The court reinstated Colby as class representative when it reconsidered its ruling, but now the court has second thoughts. Apart from Colby's counsel's failure to file a motion for a continuance in a timely manner, it is obvious that throughout this case Colby's counsel was not diligent in conducting discovery. There could be many reasons for this, some of them wise (marshalling resources, for example), but some of them not (laxity, for example). Counsel's conduct on this motion suggests that the latter may be true. Given the history of ineffectiveness of counsel, the court will once again decertify Colby as class representative. The court thus will enter summary judgment against Colby and in favor of Penney on all of Colby's claims, for the reasons stated in *id.* at 432, 433.