Diane COLBY, Plaintiff–Appellant,

v.

J.C. PENNEY COMPANY, INC., Defendant–Appellee.

No. 89–3572.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1990.

Decided Feb. 25, 1991.

---

*Id.*

Eugene J. Schiltz, Kenneth Philip Ross, Robert F. Coleman, Atkins & Associates, Chicago, Ill., for plaintiff-appellant.

P. Kevin Connelly, Connelly, Sheehan & Moran, Chicago, Ill., Robert Marsac, Wise & Marsac, Detroit, Mich., for defendant-appellee.

Before CUMMINGS, MANION and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

In October 1988, plaintiff Diane Colby filed her third amended complaint against J.C. Penney Co. under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Plaintiff is a married employee of defendant which has more than 100 employees at its Niles, Illinois, store. Plaintiff sued as a member of a class of married female Penney employees complaining of a head of household requirement for determining spousal eligibility for coverage in its medical and dental plans. These plans deny coverage to an employee's spouse who is the "head of household." The plans provide that an employee may only obtain coverage for his or her spouse if the employee is the "head of household." That term is defined as any person who contributes more than 50% of the combined annual wage earnings of the employee and spouse. Thus dependency is determined by relative income. In effect, the rule permits any employee to elect coverage for a spouse if the spouse earns less than the applicant employee. According to plaintiff, she could not purchase coverage for her husband because he is the "head of household" in her case.[1] The plans provide low-cost comprehensive medical and dental insurance for any employees and their spouses, if the spouse is not the "head of household," and their dependent children.

The plaintiff alleged that the "head of household" rule has an unlawful disparate impact and that the eligibility requirements for spousal coverage also constitute disparate treatment of Penney's female employees. In response, Penney asserted that eligibility is determined by relative income rather than the sex of the employee and that both the Sixth and Ninth Circuits have upheld the relative earnings requirements. *E.E.O.C. v. J.C. Penney Co.*, 843 F.2d 249 (6th Cir.1988); *Wambheim v. J.C. Penney Co.*, 705 F.2d 1492 (9th Cir.1983), certiorari denied, 467 U.S. 1255, 104 S.Ct. 3544, 82 L.Ed.2d 848.[2]

An earlier phase of this litigation was before us in 1987. There we held that plaintiff's action had been improperly dismissed and we remanded the cause for consideration by a different district judge.

---

1. He is employed by Allstate Insurance Company, his income is twice hers, and Allstate makes medical benefits available to him. R. Item 161, Exh. E.

2. To the same effect see *Aungst v. J.C. Penney Co.*, 456 F.Supp. 370 (W.D.Pa.1978).

*Colby v. J.C. Penney Co.*, 811 F.2d 1119 (1987). On remand, the district court granted summary judgment to defendant. *Colby v. J.C. Penney Co.*, 705 F.Supp. 425 (N.D.Ill.1989). There the court found that Penney's "head of household" rule under which only employees making more money than their spouses can elect spousal coverage was formulated for a legitimate business reason. The purpose of the rule was to provide medical and dental insurance coverage for as many employees as possible. Because unrebutted evidence showed that Penney relied on a factor other than gender in formulating its policy, it had an affirmative defense to plaintiff wife's claims of disparate treatment and disparate impact. The Bennett Amendment, codified at 42 U.S.C. § 2000e-2(h), incorporates into Title VII of the Civil Rights Act of 1964 the affirmative defenses set out in the Equal Pay Act of 1963[3] and thus excuses a compensation "differential based on any factor other than sex." 29 U.S.C. § 206(d)(1)(iv). The district court granted summary judgment for Penney and decertified the class on the ground that it was inadequately represented. Colby does not challenge the decertification of the class.

Seven months later, on September 6, 1989, the district court granted plaintiff's motion for reconsideration because Penney had not ostensibly referred the court to critical paragraphs 28 and 29 of the affidavit of R.T. Messinger, Penney's Manager of Benefits. Defendant's App. G at 7–8. In these paragraphs Messinger articulated the business rationale for the "head of household" rule. Penney had not clearly indicated that it had a valid defense for its "head of household" rule under the Equal Pay Act provision incorporated by reference in Title VII of the Civil Rights Act of 1964 through the Bennett Amendment.

*Colby v. J.C. Penney Co.*, 127 F.R.D. 509, 511 (N.D.Ill.1989). Therefore the court vacated its earlier judgment so that plaintiff could respond to these defenses.[4] However, the court then provided:

> This said, the court now informs Colby that it has [since] considered paragraphs 28–29 of Messinger's Affidavit, and has determined that they support Penney's [disparate treatment] defenses under the Bennett Amendment. They also rebut Colby's claims of disparate impact. The court will give Colby seven days from the entry of this order to respond to these two paragraphs. Colby shall treat them as if Penney had included them in its Local Rule 12(e) statement [that was filed with the summary judgment motion[5]]. Colby must respond to them under Local Rule 12(m) [formerly Rule 12(f)], or otherwise move for a continuance under Rule 56(f), Fed.R.Civ.P. 127 F.R.D. at 512.

Plaintiff chose the motion for continuance alternative.

Approximately two months later, in October 1989, the court filed a third opinion denying plaintiff's motion for continuance because it was based on insufficient reasons. It again decertified Colby as class representative in view of ineffectiveness of counsel, and reentered summary judgment for Penney for the reasons expressed in its first opinion. *Colby v. J.C. Penney Co.*, 128 F.R.D. 247, 250 (N.D.Ill.1989). We affirm.

*Denial of plaintiff's motion for continuance*

■ This lawsuit was originally filed in April 1980. On September 19, 1989, plaintiff filed a motion for continuance pursuant to Rule 56(f) of the Fed.R.Civ.P., which

---

**3.** See 1963 U.S.Code Cong. & Admin.News (77 Stat.) 56; 1964 U.S.Code Cong. & Admin.News (78 Stat.) 241, 255, for the texts of these provisions as enacted by Congress.

**4.** These defenses had been raised in Penney's Statement of Material Facts and the Messinger affidavit, both attached to its brief in support of its motion for summary judgment. However, Judge Duff thought these defenses had not been plainly relied upon in the supporting briefs so

that he had to "tease" them therefrom. 127 F.R.D. at 511.

**5.** Rule 12(e) is now Rule 12(m) and requires a movant for summary judgment to file a statement of material facts as to which the movant contends there is no genuine issue. Under Rule 12(n) those facts are deemed admitted unless controverted by a statement of the opponent. No such statement was filed. *Colby*, 705 F.Supp. at 432.

provides as follows with respect to opposing a motion for summary judgment:

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

This motion was filed after Judge Duff had vacated the summary judgment for Penney. Under Rule 56(f), the court may order a continuance to permit discovery to be had. Plaintiff's motion was for "a continuance until the close of discovery in this case" in order to respond to two paragraphs of the February 1982 affidavit of R.T. Messinger, Penney's Manager of Benefits, which had been served on plaintiff in September 1988.

Plaintiff's motion and accompanying affidavit stated that she was unable to dispute those paragraphs of the Messinger affidavit because she had not yet completed her discovery, including an examination of the various documents Penney had provided more than 14 months earlier (in January 1988) in response to plaintiff's October 1987 initial request for production of documents. No excuse was given for not previously seeking discovery as to the Messinger affidavit or other matters.

Colby had previously moved for a continuance in February 1989, after the district court first entered summary judgment against her. The district court denied Colby's first motion for continuance because it was presented after "months of wrangling" and was "belated." Since almost nine years had elapsed since the inception of this case in April 1980, plaintiff had plenty of time to engage in discovery and had just "awakened * * * for relief from what had occurred during her sleep." *Colby*, 127 F.R.D. at 511.

After we remanded this case in February 1987, the only discovery undertaken by plaintiff was one request for production of documents to which Penney had responded with production and objections. Plaintiff offered no explanation why she had not taken additional discovery to advance the case nor has she shown why a continuance would enable her to respond to Penney's business justification defense which has already been judicially approved by the Sixth and Ninth Circuits. *Supra* p. 646.

In the affidavit supporting plaintiff's second motion for continuance, she stated that she "may desire to propound additional discovery." Such a reason is certainly insufficient justification for a continuance under Rule 56(f). See 10A Wright, Miller, Kane, *Federal Practice and Procedure,* § 2741 (2d ed. 1983). As the district judge observed, the facts within Penney's control "were available for years had Colby asked for them." 128 F.R.D. at 250. He also noted that plaintiff should have sought an order compelling production if she felt that Penney's January 1988 response to her October 1987 request for production was inadequate. The court added that Colby had already nearly 19 months to study the documents that Penney had produced. *Id.*

In view of the above facts, we cannot conclude that the district judge abused his discretion in disallowing a continuance to grant further discovery. We stated in *United States v. Bob Stofer Oldsmobile–Cadillac, Inc.,* 766 F.2d 1147, 1153 (7th 1985), "A party who has been dilatory in discovery may not use Rule 56(f) to gain a continuance where he has only made vague assertions that further discovery would develop genuine issues of material fact." As in *Lambs Patio Theatre, Inc. v. Universal Film Exchanges, Inc.,* 582 F.2d 1068, 1071 (7th Cir.1978), plaintiff failed to make reasonable efforts to complete her discovery so that she was not entitled to a continuance under Rule 56(f).[6] She had already

---

**6.** To the same effect see, *e.g., Otto v. Variable Annuity Life Insurance Co.,* 814 F.2d 1127, 1138 (7th Cir.1986), certiorari denied, 486 U.S. 1026, 108 S.Ct. 2004, 100 L.Ed.2d 235; *Pfeil v. Rogers,* 757 F.2d 850 (7th Cir.1985), certiorari denied, 475 U.S. 1107, 106 S.Ct. 1513, 89 L.Ed.2d 912; *Korf v. Ball State Univ.,* 726 F.2d 1222 (7th Cir.1984).

been given sufficient latitude to attack Penney's defenses.

*Propriety of summary judgment*

In November 1988 Penney filed its fourth motion for summary judgment. One of the grounds was that plaintiff's use of "disparate impact" to challenge the head of household alleged differentials in compensation is barred by the Bennett Amendment to Title VII of the Civil Rights Act of 1964. The motion also stated that Penney should receive summary judgment because plaintiff did not show the head of household rule amounted to prohibited disparate treatment. Attached to the supporting brief were its uncontroverted statement of material facts and the Messinger affidavit. The district court relied on both documents in granting summary judgment to Penney. *Colby*, 705 F.Supp. at 431–432.

The Messinger affidavit supports the legitimacy of the head of household rule because it revealed that the primary purpose was "to provide benefits for as many Penney associates [employees] as possible." In the affidavit Messinger added that "restricting spousal coverage under the head of household provision ensures that coverage is afforded to spouses who are dependent upon the associate [employee]." Defendant's App. H at 7–8. In view of these uncontested reasons for its plan, there was no violation of Title VII of the Civil Rights Act of 1964, for the Bennett Amendment (42 U.S.C. § 2000e–2(h)) provides that it is not an unlawful employment practice if the compensation differentiation upon the basis of sex is authorized by the Equal Pay Act. That Act permits any compensation "differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1)(iv).[7] Consequently the district court properly held that Penney was entitled to summary judgment on Colby's disparate treatment claims.

As to Colby's disparate impact claims, the district court noted that the head of household rule allows Penney to provide medical and dental insurance to as many of its employees as possible. The far-reaching scope of the plan was described in Penney's uncontested statement of material facts. That document shows that all eligible employees are entitled to coverage regardless of sex. When an employer advances a good business justification for a policy with disparate impact, the burden shifts to the employee to demonstrate that the policy is a pretext for discrimination or that less discriminatory means could be used to achieve the employer's aims. Since Colby introduced no facts suggesting that Penney's head of household rule is pretextual or that Penney has less discriminatory means of achieving its broad beneficial purposes, summary judgment was appropriate on the disparate impact claims under our previous decision upholding the defense of a good business justification. *Colby v. J.C. Penney Co., Inc.*, 811 F.2d at 1127, approving the like decision in *Wambheim v. J.C. Penney Co., Inc.*, 705 F.2d at 1495.

The October 1989 summary judgment for defendant is affirmed.

---

7. For the text of the Bennett Amendment and the pertinent provision of the Equal Pay Act, see n. 3 *supra*.