956 F.2d 1162
 1992-1 Trade Cases P 69,738
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jeff L. MANN, D.O., Plaintiff-Appellant,
v.
PRINCETON COMMUNITY HOSPITAL ASSOCIATION, INCORPORATED,
d/b/a Princeton Community Hospital; the Medical Staff of
Princeton Community Hospital; Gordon Prescott, M.D.;
William Elliott, II, M.D.; Stanley M. Hamaker, M.D.; Yung
H. Koh, M.D.; Asma Safder, M.D., Defendants-Appellees.
 No. 90-3195.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1992.
Decided March 3, 1992.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. Elizabeth V. Hallanan, District Judge. (CA-89-918-1)
 C. Crady Swisher, III, Preiser Law Offices, Pittsburgh, Pa., for appellant.
 Edward C. Martin, John R. McGhee, Jr., Kay, Casto, Chaney, Love & Wise, Charleston, W.Va., for appellees.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jeff Mann, D.O., filed this action because his application for staff privileges as a pediatrician at Princeton Community Hospital Association, Inc., d/b/a Princeton Community Hospital, was denied. Mann named the hospital, the hospital's medical staff, and five individual physicians who were on the hospital's staff as Defendants. In an eight-count Complaint, Mann alleged antitrust, due process, and equal protection violations, and he asserted various state law claims. The district court granted summary judgment for Defendants on seven of the counts and entered judgment pursuant to Fed.R.Civ.P. 12(b)(1) on the remaining count. We affirm the judgment of the district court.
 
 
 2
 On appeal, Mann first protests that the case was not ripe for summary judgment because of the procedural posture of the case at the time judgment was entered. In support of this position, Mann argues first that summary judgment was improper since discovery was not complete. Because the record demonstrates that Mann was dilatory in pursuing discovery, we reject this argument.
 
 
 3
 A summary judgment motion should be denied "where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986); see Fed.R.Civ.P. 56(f). "Opportunity" is the crucial word. The circuits agree that litigants who had the opportunity to conduct, but were slow to pursue, discovery cannot successfully claim that they were in some way railroaded by a premature summary judgment motion. See Colby v. J.C. Penney Co., 926 F.2d 645, 648 (7th Cir.1991); Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 102 (5th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990). If there was ample opportunity for discovery, but a litigant did not avail himself of that opportunity, the court's decision to cut off discovery and to enter summary judgment is not an abuse of discretion. Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 277 (9th Cir.1988).
 
 
 4
 Mann filed his Complaint on July 28, 1989. On October 3, 1989, the district court ordered that all discovery be completed by April 17, 1990. That deadline was extended to August 1, 1990. Mann therefore had one full year within which to complete discovery. During that time he managed to take only the depositions of the hospital administrator and Defendant Dr. Safder. The district court docket sheet reflects that Mann noticed the depositions of the other four individual Defendants in mid-October, well after the discovery cut-off point.
 
 
 5
 Mann's foot-dragging is further evidenced by his failure to respond to the Defendants' summary judgment motion. A response to that motion was due on September 4, 1990. One day later, Mann moved for a ten-day extension of time within which to respond, claiming that he would use the time to obtain affidavits of "key" out-of-state witnesses. Mann asserted that those affidavits would establish that there were genuine issues of material fact and that summary judgment would be inappropriate. The motion for extension of time was granted; however, the promised affidavits were not forthcoming. Judgment for Defendants was entered on November 13, 1990.
 
 
 6
 This recitation of events demonstrates that any claim that summary judgment was premature because discovery was incomplete is without merit. Mann had ample time to conduct discovery or, through his response to the summary judgment motion, to present the court with other materials in opposition to that motion.
 
 
 7
 Mann's remaining argument in support of his contention that the case was not ripe for summary judgment is that judgment was entered solely on the basis of the pleadings and that there were no depositions, answers to interrogatories, admissions, or affidavits on file. He misapprehends both the facts and the applicable law.
 
 
 8
 First, in support of the summary judgment motion, Defendants filed documentary evidence as well as depositions of Mann and his wife. Further, the motion referred to the two depositions taken by Mann. While the exhibits to the motion, including copies of the hospital's bylaws and a copy of Mann's application for staff privileges, were not certified, the district court properly could rely on the exhibits in deciding the motion because Mann did not object to this evidence. See Zayre Corp. v. S.M. & R. Co., 882 F.2d 1145, 1148-49 (7th Cir.1989). Finally, Rule 56(c), Fed.R.Civ.P., does not mandate that the motion for summary judgment be supported by all documents mentioned in that Rule. Rather, the Rule comprehends that the motion will be decided on the record as it exists at the time the motion is considered.
 
 
 9
 Having rejected Mann's arguments about the procedural posture of the case at the time judgment was entered, we now turn to the merits of the district court's decision. We review the grant of a summary judgment motion de novo. Farwell v. Un, 902 F.2d 282, 287 (4th Cir.1990). The movant must point to the absence of a genuine issue of material fact and to his entitlement to judgment as a matter of law. The burden then shifts to the nonmovant to present sufficient facts to show that a triable issue exists. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718-19 (4th Cir.1991).
 
 
 10
 Mann asserted in Count I of the Complaint that Defendants conspired to prevent him from entering the pediatric medicine market in Princeton, West Virginia, in violation of 15 U.S.C. § 1 (1988). The record reflects that the hospital's procedures for processing an application for staff privileges gave ultimate control over the process to the hospital's Board of Directors. Staff members who participated in the process acted merely as agents of the Board. Under these circumstances, the doctrine of intracorporate immunity precludes recovery because the actions complained of essentially were that of one entity. See Oksanen v. Page Memorial Hosp., 945 F.2d 696, 702 (4th Cir.1991) (en banc). "Fundamentally, for there to be a violation of § 1 of the Sherman Act two or more persons must act in concert." Laurel Sand & Gravel, Inc. v. CSX Transp., Inc., 924 F.2d 539, 542 (4th Cir.), cert. denied, 60 U.S.L.W. 3257 (U.S.1991).
 
 
 11
 In Count II, Mann asserted that Defendants Dr. Koh and Dr. Safder, with the assistance of the hospital, conspired to monopolize the pediatric medicine market in Princeton, in violation of 15 U.S.C. § 2 (1988). Mann concedes on appeal that the evidence does not support the claim. We note that Dr. Koh and Dr. Safder were simply carrying out their responsibilities under the established hospital procedures, and Mann has not demonstrated the existence of monopolistic intent on their part.
 
 
 12
 Mann alleged a deprivation of equal protection and due process in Count III of the Complaint. Because the hospital had a legitimate state interest in ensuring quality care to its patients, the exclusion of an inadequately trained physician from the hospital staff did not violate equal protection principles. See Silverstein v. Gwinnett Hosp. Auth., 861 F.2d 1560, 1564 (11th Cir.1988).
 
 
 13
 Nor was there either a substantive or procedural due process violation in this case. The standards used to deny privileges to Mann were not arbitrary, capricious, or unreasonable. See id. at 1566. Further, Mann received "the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). He was kept apprised of the state of his application throughout the entire review process. He was afforded two hearings at which he was given the chance to demonstrate that he was qualified for the position. After at least one hearing, he was given the chance to supplement his application with additional materials. Finally, Mann was given specific reasons for the rejection of his application. Under these circumstances, Mann was afforded adequate procedural protections. See Shahawy v. Harrison, 875 F.2d 1529, 1533 (11th Cir.1989).
 
 
 14
 The state law claims adjudicated by the district court similarly have no merit.* Because members of the hospital staff acted as agents of the hospital, there was no outside party who interfered with Mann's prospective business relationships and opportunities. See Cotton v. Otis Elevator Co., 627 F.Supp. 519, 522 (S.D.W.Va.1986); Torbett v. Wheeling Dollar Sav. & Trust Co., 314 S.E.2d 166, 173 (W.Va.1983). There never was a contract with the hospital, so Mann's breach of contract claim must fail. Finally, we discern no violation of Mann's common law right to fair procedures.
 
 
 15
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment of the district court is affirmed.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The district court declined to exercise pendent jurisdiction over Mann's claim that the hospital violated W.Va.Code § 30-14-9 (1986). See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)