Diane COLBY, on her own behalf and on behalf of a class of all other persons similarly situated, Plaintiffs,

v.

J.C. PENNEY COMPANY, INC., a Delaware corporation, Defendant.

No. 80 C 2032.

United States District Court, N.D. Illinois, E.D.

Sept. 6, 1989.

Robert F. Coleman, Kenneth P. Ross, Robert F. Coleman & Associates, Chicago, Ill., for plaintiffs.

P. Kevin Connelly, Lederer, Reich, Sheldon & Connel, Chicago, Ill., Robert A. Marsac, Dykhouse & Wise, Detroit, Mich., for defendant.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On January 31, 1989, this court granted J.C. Penney Company, Inc. summary judgment on Diane Colby's claims that a so-called "head of household" rule contained in Penney's medical and dental plans violated federal law. The court entered summa-

ry judgment after chastising both parties for their misguided efforts on the motion, efforts which forced this court to take the extraordinary step of decertifying Colby as representative of a class of similarly situated individuals. See *Colby v. J.C. Penney Co., Inc.*, 705 F.Supp. 425 (N.D.Ill.1989) (hereafter *"Colby II"*).

Colby has moved for reconsideration of the entry of judgment and the ancillary class decertification order pursuant to Rule 59(e), Fed.R.Civ.P. A party can seek to alter or amend a judgment under Rule 59(e) if the party can "clearly establish either a manifest error of law or fact or ... present newly discovered evidence." A party may not use Rule 59(e) to raise arguments "which could, and should, have been made before judgment issued," or to propound a new legal theory to the court. *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986). A party may use the Rule, however, to demonstrate to the court that the court has " 'patently misunderstood a party, or has made a decision outside the adversarial issues presented ... by the parties, or has made an error not of reasoning but of apprehension.' " *Instituto Nacional de Comercializacion Agricola (INDECA) v. Continental Illinois National Bank and Trust Co. of Chicago*, 38 Fed.Rules Serv.2d 1087, 1088 (N.D.Ill. 1984), quoting *Above The Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983).

In this court's earlier decision, the court explained Colby's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (1982), that Penney's head of household rule treated men and women differently. The court noted that while Colby presented a prima facie case of disparate treatment under Title VII, Penney made an unrebutted showing that it had adopted its rule—one which relied on a factor other than gender—for a legitimate business reason. This made out an affirmative defense under the Bennett Amendment to Title VII, 42 U.S.C. § 2000e–2(h), and thus this court ruled that Penney was entitled to summary judgment on Colby's claim of disparate treatment. The court then addressed Colby's claim

that Penney's rule violated Title VII by having a disparate impact upon women. Again the court allowed that Colby had made a prima facie case of disparate impact. The court noted, however, that Penney stated a good business justification for its rule, which put the burden on Colby to demonstrate that Penney's practices either were mere pretexts for discrimination, or that Penney could achieve its legitimate interests in a less discriminatory manner. Colby had not carried this burden, and so the court entered judgment on her disparate impact claims in Penney's favor. The court also noted that Penney had a defense under the Bennett Amendment to Colby's disparate impact claims. See *Colby II*, 705 F.Supp. at 429–33.

In ruling on Penney's motion, the court relied principally on two facts: a sworn affidavit by R.T. Messinger, Penney's Manager of Benefits, which stated that the head of household rule helped Penney achieve its goal of covering as many Penney associates as possible; and Colby's failure to challenge any of Penney's factual allegations, as set forth in Penney's Local Rule 12(e) statement. See *Colby II*, 705 F.Supp. at 431–32, 433. Colby takes issue with this court's reliance on these facts. Colby first contends that Judge Parsons, who had this case earlier, and the Seventh Circuit in *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119 (7th Cir.1987) (hereafter *"Colby I"*), had concluded as a matter of law that Messinger's affidavit could not support Penney's motion for summary judgment.

Colby mischaracterizes what has happened in this case. Judge Parsons's ruling on Penney's February 5, 1982, motion for summary judgment never decided that Messinger's affidavit could not support Penney's claim of a legitimate business justification for the head of household rule. Second, contrary to Colby's assertion here, Colby never raised *facts* to Judge Parsons contradicting Messinger's statement. Instead, Colby's lawyer analyzed Messinger's claims, and demonstrated that on the basis of evidence which indicated that Penney's rule could have been a pretext for discrimi-

nation, summary judgment was inappropriate. See Motion For Reconsideration, Ex. A 10–12 (Colby's Brief in Opposition to Penney's 2/5/82 Motion). In his later order denying Penney's motion, Judge Parsons noted that the sole issue with respect to Penney's justification was whether it was a pretext—not whether Messinger had stated a legitimate business justification. See *Colby v. J.C. Penney Co., Inc.*, No. 80 C 2032, Mem.Op. 5 (N.D.Ill. June 11, 1983).

Colby's characterization of the Seventh Circuit's ruling is similarly flawed. The Seventh Circuit never suggested that it was reviewing Judge Parsons's June 1983 order. In fact, the court stated it was reviewing another decision which Judge Parsons made nearly three years later. The court suggested at several points that, in the decision which it was reviewing, Judge Parsons had not yet determined if Colby had presented a prima facie case of discrimination. If Judge Parsons had not made such a determination, he could not have properly reached the issue of Penney's justification for its practices, and thus the Seventh Circuit had no occasion to address the issue of justification. See *Colby I*, 811 F.2d at 1122, 1127–28.

Thus, contrary to what Colby believes, no court has decided the issues which were at the heart of this court's decision in *Colby II*: the justification for Penney's practice. No court had disallowed Messinger's affidavit, and a court could have considered it in ruling on Penney's motion for summary judgment on Colby's Third Amended Complaint. The real question is whether this court *should* have considered the affidavit. Colby rightly points out that Penney never referred this court to the critical passages of the affidavit where Messinger gives Penney's purpose for the head of household rule. Indeed, Penney never indicated to the court in its briefs on its motion for summary judgment or in its Local Rule

12(e) statement that it had a valid business justification for its decision. Instead, as the court noted in *Colby II*, Penney felt content to reargue what it had argued to the Seventh Circuit in *Colby I*, and left it to the court to tease out of Penney's briefs Penney's desire to present the factual issue of a justification for its rule to this court.*

■ Upon reconsideration, the court determines that in the spirit of Local Rules 12(e)–(f) it should not have considered the critical portions of Messinger's Affidavit without warning Colby and allowing her to respond. Without these portions, Penney lacked grounds for entry of summary judgment, as it had the burden of producing evidence rebutting Colby's prima facie case of disparate impact and demonstrating its defenses to both of Colby's claims under the Bennett Amendment. This court will thus vacate its order of judgment on both of Colby's claims.

■ Where do the months of wrangling over the parties' motions leave this case? Colby first desires leave to file an affidavit in compliance with Rule 56(f), Fed.R.Civ.P., that she cannot answer Penney's motion for summary judgment without additional discovery. Colby's motion is belated. Colby felt content to file a brief in opposition to Penney's motion and ignore Penney's Local Rule 12(e) statement; it was not until the court peremptorily awakened her to her oversight that she scrambled for relief from what had occurred during her sleep. A party must move for a continuance under Rule 56(f) before opposing the motion for summary judgment, not after the court has rendered judgment. See *Meyer*, 781 F.2d at 1267–68 (sole relief for a party who is unable to respond to facts raised in a motion under Rule 56 is a continuance under Rule 56(f)); *Vachet v. Central Newspapers, Inc.*, 816 F.2d 313, 317 (7th Cir.1987) (motion for continuance must precede court's decision

---

* Penney vainly argues that it had directed the court to Messinger's two statements by this footnote in its Local Rule 12(e) statement: "Reference will be made to ... the Affidvit of R.T. Messinger ("Messinger Aff.") which was filed on February 5, 1982...." This footnote did not incorporate the Messinger Affidavit wholesale into Penney's Local Rule 12(e) statement. See Local Rule 12(*l*) (amended version of Local Rule 12(e)) (statement shall consist of short numbered paragraphs which include references to record supporting factual assertions; failure to comply with Rule is ground for denial of motion).

on Rule 56 motion). Additionally, Colby's present motion under Rule 56(f) contains an affidavit by Colby's attorney. The Rule expressly provides that the affidavit must be from the party, not the party's lawyer.

The court will thus deny Colby's present motion for a continuance under Rule 56(f). This said, the court now informs Colby that it has considered ¶¶ 28–29 of Messinger's Affidavit, and has determined that they support Penney's defenses under the Bennett Amendment. They also rebut Colby's claims of disparate impact. The court will give Colby seven days from the entry of this order to respond to these two paragraphs. Colby shall treat them as if Penney had included them in its Local Rule 12(e) statement. Colby must respond to them under Local Rule 12(m), or otherwise move for a continuance under Rule 56(f), Fed.R.Civ.P.

Colby next wishes to submit a belated response to Penney's Local Rule 12(e) statement. Colby has not presented the court with reasons why the court should allow this late filing. Unless a party controverts her opponent's Local Rule 12(e) (now Local Rule 12(*l*)) statement, all of the facts in the statement are deemed admitted. See Local Rule 12(m). The rule is clear, and Colby has not explained her failure to comply with it at the time she opposed Penney's motion. The court thus denies Colby's motion for leave to file a response to Penney's Local Rule 12(e) statement, and will treat all of the facts reflected in that 12(e) statement (except the two paragraphs which the court has taken the liberty of including, see above) as admitted.

■ Colby next moves for the court to certify her once again as a class representative. In *Colby II*, the court observed that Colby's attorneys had spent too much time on simple arguments, had failed to urge an alternative to Penney's construction of the Bennett Amendment when challenging that construction, had filed a frivolous motion for sanctions under Rule 11, Fed.R.Civ.P., and most astonishingly, did not controvert any of Penney's facts. See *Colby II*, 705 F.Supp. at 428–29. Colby has not chal-

lenged any of these observations, nor has she taken issue with this court's earlier description of its duty to insure that the representative of a class adequately performs. See *id.*

As things have turned out, the failure of Colby's attorneys to respond competently to Penney's motion—no matter how harebrained Colby's attorneys believed that motion to be—has not resulted in the irreparable harm to the interests of the class which this court earlier perceived. See *id.* at 429. Colby's attorneys have persisted with this case before four district court judges and through one appeal, without the class coming to too much harm. (The admission of Penney's Rule 12(e) statement will not harm the class, as Colby was prepared to admit most of its facts anyway.) Yet an attorney's representation of a class means more than keeping the class from harm, or even demonstrating ordinary competence. It means " 'having sufficient experience and training to satisfy the trial court that [the attorney] will be a strenuous advocate for the class.' " *Colby II*, 705 F.Supp. at 429, quoting *Johnson v. Shreveport Garment Co.*, 422 F.Supp. 526, 535 (W.D.La. 1976). While this court will reinstate Colby as a representative of the class, the conduct of Colby's counsel in this case demonstrates to the court that it should remain vigilant in protecting the class's interests.

■ Not satisfied with asking the court to vacate the judgments in Penney's favor and reinstate her as class representative, Colby moves for reconsideration of her earlier motion for Rule 11 sanctions. As the court noted in *Colby II*, Penney had good grounds for filing a motion for summary judgment, even though it did not adequately notify Colby of its desire to employ the key passages from Messinger's affidavit. It is Colby, and not Penney, which continues to ignore the numerous cases which have found that Penney's head of household rule does not violate Title VII. See *Colby II*, 705 F.Supp. at 427. While those cases are not binding on this court, they do give Penney good grounds in law for filing a motion for summary judgment, and Penney's facts support its motion.

Penney's failure to indicate those facts properly does not amount to a violation of Rule 11. Indeed, it is Colby's repeated requests for Rule 11 sanctions which are not well-grounded in law, and it is for this reason that the court sanctions Colby's attorneys $100.00, payable to the Clerk of this court.

In summary, the court vacates the judgments entered January 31, 1989 in favor of J.C. Penney Co., and reinstates Colby as representative of the class of persons whom she formerly represented. The court gives the class seven days to respond to the facts contained in ¶¶ 28–29 of the Messinger Affidavit or otherwise plead. The court denies the class's other motions, and sanctions Colby's attorneys $100.00 under Rule 11, payable to the Clerk of the Court.