### In re Donald Eugene STAHLY, Debtor.

### Bankruptcy No. 83–30781.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

Dec. 19, 1989.

Joseph D. Bradley, South Bend, Ind., for debtor.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for U.S. I.R.S.

## ORDER

ROBERT K. RODIBAUGH, Senior Bankruptcy Judge.

On February 9, 1988, Donald Eugene Stahly, the debtor herein, filed his Motion for Determination of Debtor's Post–Petition Tax Liability. The court held a hearing on the debtor's motion on March 10, 1988, at which time the debtor and the United States Department of Treasury—Internal Revenue Service ("IRS") indicated that they would be able to stipulate to all the relevant facts in this matter. The parties further agreed that any statute of limitations governing the rights of the parties is tolled during the time the court makes its decision on the debtor's motion and for a period of six months thereafter. On May 4, 1988, the parties filed their stipulation of facts. Thereafter, on July 11, 1988, following the time allowed for submitting briefs, the court took the matter under advisement.

Initially, the court notes that the debtor timely filed his brief to the court on June 21, 1988. The IRS, however, failed to file its brief until July 20, 1988, after which time the debtor and the IRS filed reply briefs and the IRS filed a supplemental brief. Inasmuch as the parties have not moved to strike any of the briefs filed after the court took the matter under advisement, the court will consider the briefs as though they had been timely filed.

### Background

In their stipulation of facts the parties agree that:

1. The debtor filed his voluntary petition under Chapter 7 of Title 11, United States Code, herein on September 7, 1983 and this Court's order for relief was entered thereon.

2. Upon recovery of assets herein by the Chapter 7 trustee, written "Notice to Creditors and Other Parties in Interest of the Need to File Claims" was issued to all creditors by the Clerk of the Bankruptcy Court on April 25, 1984....

3. The [IRS] filed its written "Proof of Claim for Internal Revenue Taxes" herein on November 25, 1983 in the total amount of $16,721.13 for withholding, FICA and FUTA taxes, interest and penalties for the years 1980 and 1981....

4. On August 29, 1984, Chapter 7 Trustee J. Richard Ransel filed objection to the allowance of the claim of the

[IRS]. After notice and hearing regarding allowance of claims herein, this Court entered its order of November 2, 1984 wherein claim P–1 filed by the [IRS] in the amount of $16,721.13 was allowed in the amount of $14,330.82 as an unsecured priority tax claim....

5. On October 31, 1986, this Court entered its "Order" directing that claim P–1 filed by the [IRS], having been duly filed and allowed in the amount of $14,330.82, was to be paid in full by the Chapter 7 trustee out of the funds on hand in the debtor's estate....

6. On November 6, 1986, the [IRS] received a check in the amount of $14,330.82 from Trustee J. Richard Ransel.

7. The claim of the [IRS] for pre-petition penalties in the amount of $2,390.31 was not allowed as a general unsecured claim in this bankruptcy proceeding due to the fact that there were insufficient funds to make distribution to any of the general unsecured creditors.

8. In January, 1987, the debtor received "Past Due Final Notice" notifications from the [IRS] demanding payment of 941 and 940 taxes, penalties and/or interest on such taxes for the same periods and same tax liabilities upon which said [IRS]'s claim P–1 was based....

9. As of March 15, 1988, the [IRS] asserts that it is owed the sum of $11,914.78 for unpaid pre-petition penalties, plus post-petition interest and penalties....

Stipulation of Facts Regarding Motion for Determination of Debtor's Post–Petition Tax Liability ("Stipulation of Facts") (May 4, 1988). The $11,914.78 which the IRS contends is due includes $7,939.84 in interest charges, $3,564.11 in penalties, and $401.83 in additional assessments. Debtor's memorandum at 3 (June 21, 1988) (citing Stipulation of Facts at ¶ 9 and Exhibits F–1 and F–2 attached thereto).

In his motion for determination of post-petition tax liability the debtor submits that a substantial portion of the tax liability which the IRS alleges is currently past due is interest arising from the pre-petition tax liability in the amount of $16,721.13 for which the IRS filed proof of claim P–1 on November 25, 1983. Pursuant to its Order of November 2, 1984, the court allowed claim P–1 in the amount of $14,330.82. Thereafter, on October 31, 1986, the court ordered that claim P–1 was to be paid in full from the funds remaining in the debtor's estate. The debtor asserts that he should not be liable to pay any interest or penalties which accrued on the IRS's claim after the filing of his petition as the interest and penalties stem from a pre-petition tax liability which was paid and fully satisfied by the court's Order of October 31, 1986.

The debtor does not contend that the interest, penalties, and additional assessment which the IRS seeks are dischargeable obligations which fall outside of 11 U.S.C. § 523(a). Rather, he submits that as his estate amounted to more than $50,000 upon liquidation, the IRS was an oversecured creditor which had every right to include post-petition interest and penalties in its proof of claim and to collect the amounts from the proceeds of the estate. Inasmuch as the IRS failed to include its claim for interest in its proof of claim, however, the debtor asserts that it thereby forfeited its right to collect the interest from the estate and should be estopped from collecting the amount from the debtor personally. Similarly, the debtor contends the IRS should be estopped from asserting any additional assessment against him with respect to the pre-petition tax liability. The debtor asserts that for the court to rule otherwise would unfairly cause the debtor to bear the burden of the IRS's error and take away his right to a "fresh start".

The IRS, on the other hand, alleges that it was not an oversecured creditor in this case pointing to the fact that it received only $14,330.82 of its $16,721.13 claim from the debtor's estate. The IRS argues that it is legally entitled to recover pre-petition penalties and post-petition interest and penalties on the debtor's pre-petition tax liability from the debtor personally since it did not recover these amounts from the debtor's estate. The IRS asserts that it is not estopped from collecting these outstanding

obligations since the rules of estoppel do not apply to the United States government unless it has committed affirmative acts of misconduct. The IRS contends that the interest and penalties it seeks from the debtor were not discharged in these bankruptcy proceedings because the tax liability itself had priority status and was not discharged. The IRS accordingly asks the court to award the interest and penalties claimed since these amounts will serve to compensate the United States government for its actual pecuniary loss in not having the principal during the period of assessment.

### Discussion and Decision

■■■ The issue before the court is whether the debtor is obligated to pay interest, penalties, and/or an additional tax on a pre-petition tax liability when the IRS previously filed a proof of claim concerning the tax liability and received payment of the principal and pre-petition interest from the debtor's estate.[1] Title 11 U.S.C. § 505(a)(1) grants the court the authority to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before ..." 11 U.S.C. § 505(a)(1) (Callaghan 1989). In this case the IRS seeks to recover pre-petition penalties, post-petition penalties, post-petition interest as well as an additional assessment from the discharged debtor.

Title 11 U.S.C. § 523(a) provides:

(a) A discharge ... does not discharge an individual debtor from any debt—

(1) for a tax ...

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, *whether or not a claim for such tax was filed or allowed;....*

....

(7) to the extent such debt is for a fine [or] penalty ... payable to and for the benefit of a governmental unit, and

is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;....

11 U.S.C. § 523(a)(1) and (7) (Callaghan 1989) (emphasis added). The Senate Report explains that paragraph (7) excepts from discharge certain tax penalties if the underlying tax corresponding thereto also is excepted from discharge. S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. Case law likewise holds that pre-petition (or unmatured) interest is excepted from the debtor's discharge if the tax upon which it accrues is excepted from discharge. *In re Larson*, 862 F.2d 112, 119 (7th Cir.1988) (citing *In re Brinegar*, 76 B.R. 176, 178–79 (Bankr.D.Colo.1987); *In re Young*, 70 B.R. 43, 45 (Bankr.S.D.Ind.1987) and numerous additional cases). Importantly, § 523(a)(1) excepts taxes and penalties relating thereto from discharge whether or not a claim is filed or allowed.

■■■ In *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the Supreme Court considered the question of whether the United States was entitled to recover post-petition interest on a tax assessment from the debtor personally after the close of his bankruptcy case. The Court noted that "[i]n most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus, an integral part of a continuing debt." *Id.* at 360, 84 S.Ct. at 908. The Court concluded, finding no evidence of congressional intent to the contrary, that logic and reason support the view that the government should be able to recover interest on a tax claim even in the setting of bankruptcy. *Id.*

---

1. As noted previously, in this case there is no dispute that the underlying tax liability and any interest, penalties, and/or additional assess-ments relating thereto are excepted from the debtor's discharge under 11 U.S.C. § 523(a).

Basing its decision on § 17 of the former Bankruptcy Act, the Court found that although the purpose of the Act was "to let the honest debtor begin his financial life anew," Congress in this instance intended for the interest of financing the government to override the interest of giving the debtor a fresh start. *Id.* at 361, 84 S.Ct. at 908. Inasmuch as permitting the government to collect post-petition interest from the debtor individually could not "inconvenience administration of the bankruptcy estate, ... delay payment from the estate unduly, [or] ... diminish the estate in favor of high interest creditors at the expense of other creditors," the Court held that the interest remains a liability of the debtor after bankruptcy. *Id.* at 363, 84 S.Ct. at 909. As the same policy considerations apply in this case (although it is governed by the Bankruptcy Code rather than the former Bankruptcy Act), this court finds that the IRS has the right to collect post-petition interest from the debtor unless some misconduct has occurred to which the doctrine of equitable estoppel would apply.

■ The IRS similarly has the right to recover pre- and post-petition penalties from the debtor. As the court stated in *In re Becker's Motor Transportation, Inc.*, 632 F.2d 242, 248 (3rd Cir.1980) (citing *Bruning*, 376 U.S. 358, 84 S.Ct. 906): "It is well established that obligations for pre-petition penalties and post-petition interest that accrue on a tax debt comprise personal liabilities of the debtor, and survive payment of the principal debt pursuant to an arrangement." Even though in *Becker's Motor Transportation, Inc.* the IRS had made an arrangement with the debtors concerning the IRS' tax claim in the Chapter XI proceedings thereby misleading the debtors into believing that their personal obligation with respect to the claim had been fully satisfied, the court determined that the IRS had the right to enforce the obligation against the debtors.

The court noted that the reasonable debtor should expect the IRS to enforce its right to pursue its claims for pre-petition penalties and post-petition interest from the debtor personally because the debts are excepted from discharge. The court observed:

Were we to hold that the IRS was barred from asserting claims that it is entitled to collect under *Bruning* and [*Hugh H. Eby Co. v. United States*, 456 F.2d 923 (3rd Cir.1972) ] on the ground that it had failed to provide notice during the arrangement proceeding of its intention to seek satisfaction of the debts, we would, in effect, impose on the IRS a duty to apprise debtors of applicable judicial decisions.

632 F.2d at 249. The court declined to place such a burden on the IRS concluding that "[i]n submitting the proof of claim form, the IRS neither waived its right to assert claims for pre-petition penalties and post-petition interest nor induced the debtors' mistaken assumption that they would not be held liable for debts of this character." *Id.* The court interpreted the claim form as debtor's counsel should have done finding that it represented only the IRS' claim against the estate. *Id.*

■ In this case the debtor argues that the IRS should be estopped from recovering pre- and post-petition penalties, post-petition interest, and an additional assessment with respect to its tax claim due to the fact that the IRS had the opportunity to add the amounts to its claim against the estate and failed to do so. Upon reviewing the relevant law, however, the court cannot agree with the debtor's argument. While in *Bruning* and *In re Becker's Motor Transportation, Inc.* the courts concluded only that the IRS has the right to collect post-petition interest and pre-petition penalties from the discharged debtor, this court believes that the same rationale applies to post-petition penalties. Moreover, the court finds that no basis exists for applying the doctrine of equitable estoppel in this situation. The Seventh Circuit in *In re Larson*, 862 F.2d 112 (7th Cir.1988), recently discussed the elements required for applying the doctrine of equitable estoppel against a governmental entity in a situation somewhat similar to this one. In *Larson* the IRS sought to recover from the debtors a pre-petition tax assessment and pre-petition interest on the assessment. The debt-

ors argued that the court should preclude the IRS from recovering the amounts due to its actions in assuring the debtors that if they filed for bankruptcy their tax debts would be discharged. The court set forth the standard for applying the doctrine of equitable estoppel against the government noting that the doctrine "must be applied with great caution to the Government and its officials." *Id.* at 115 (citing *Gressley v. Califano,* 609 F.2d 1265, 1267 (7th Cir. 1979)). The court indicated that while the standard for applying estoppel to governmental entities is not precise, a litigant must *at least* prove the traditional elements of (1) misrepresentation by a party; (2) reasonable reliance on the misrepresentation; and (3) detriment to the litigant as a result of the misrepresentation. *Id.* (citing *United States v. Asmar,* 827 F.2d 907, 912 (3d Cir.1987)). The court found that the debtors had failed to meet their burden of showing that the IRS should be estopped from collecting the taxes and interest due.

Similarly, in this case the court concludes that the debtor has failed to carry his burden of showing that the doctrine of equitable estoppel should apply. While the court empathizes with the debtor's plight in having to pay interest, penalties, and an additional assessment with respect to a tax liability which he believed was discharged in his bankruptcy case, the court finds no evidence that the amounts claimed are inaccurate, that the IRS misled the debtor, or that the debtor reasonably relied upon a misrepresentation to his detriment. The debtor does not allege that the IRS made any arrangement with him concerning the taxes in dispute and the penalties and interest thereon. He only states that the IRS had the opportunity to include these amounts in its claim and failed to do so. Certainly, the mere fact that the IRS filed a claim in the debtor's case for the tax assessment, pre-petition interest, and certain penalties does not merit denying the IRS its right to pursue its unpaid claims against the debtor individually.

The court recognizes that such a result seems inherently unfair especially considering that the amount of penalties and interest which the IRS seeks is considerable and will severely limit the debtor's ability to achieve a fresh start. Unfortunately, though, the court has no authority, even in the name of equity, to soften the harsh reality of the law in this instance. Congress clearly intended for the IRS to receive the special treatment in the bankruptcy setting of having its debts excepted from discharge regardless of whether it initially brings its claim against the debtor's estate. The IRS therefore has every right to pursue the debtor after the close of his bankruptcy case in order to collect any unpaid obligations which are excepted from the debtor's discharge under 11 U.S.C. § 523(a).

### Conclusion

WHEREFORE, the court finds that as of March 15, 1988, the debtor is liable to the IRS in the amount of $11,914.78 for unpaid pre-petition penalties, post-petition interest and penalties, and an additional assessment relating to his pre-petition tax liability. It is

SO ORDERED.