**In re Denise Rachel JORDAN, Debtor.**

**Denise Rachel JORDAN, Appellant,**

v.

**COLORADO STUDENT LOAN PROGRAM, Appellee.**

**Civ. A. No. 92–K–1062.**
**Bankruptcy No. 91–23994 CEM.**

United States District Court,
D. Colorado.

Sept. 28, 1992.

R. Scott Schofield, Colorado Springs, Colo., for appellant.

Pablo S. Salas, Denver, Colo., for appellee.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Debtor Denise Rachel Jordan appeals the bankruptcy court's April 28, 1992 judgment. In that judgment, the bankruptcy court granted the objection of the Colorado Student Loan Program (CSLP) to Jordan's motion to confirm her Chapter 13 bankruptcy plan and ordered her to file a revised plan. Jordan argues that the CSLP did not have standing to object to the plan because it did not notify her that it was the assignee of two proofs of claim. In addition, she contends that the bankruptcy court erred in holding that postpetition interest on her student loans was not dischargeable. The facts and legal arguments are adequately presented in the record and in the briefs and the decisional process would not be significantly aided by oral argument. *See* Bankr.R. 8012.

Jordan filed her Chapter 13 plan on October 21, 1991. She moved to confirm the plan on January 24, 1992. The CSLP objected to the plan on January 27, 1992 because it provided that the accrual of interest on Jordan's student loans would be tolled during the pendency of the plan. The CSLP is a creditor by virtue of the assignment of two proofs of claim, one by Sallie Mae and the other by UNIPAC, each of which were holders of promissory notes for student loans. The assignments to the CSLP took place on November 29 and December 9, 1991.

After a hearing, the bankruptcy court denied Jordan's motion to confirm the plan and ordered her to refile an amended plan. Relying on *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the bankruptcy court held that postpetition interest on a debt that is nondischargeable, such as a student loan, is also nondischargeable. Therefore, Jordan's plan, which provided for the discharge of the interest accruing on her student loans during the term of the plan, was defective. Jordan now appeals on the grounds that the CSLP had no standing to object to the plan and that the interest on her student loans is dischargeable. Neither argument has merit.

Jordan contends that the CSLP does not have standing because it never gave her actual notice of its interest in her student loans. She asserts that Bankruptcy Rule 3001(e) requires the assignee of a proof of claim to notify the debtor of the assignment. The plain language of the rule, however, contains no such requirement. Under that rule, the transferee of a proof of claim must file evidence of the transfer with the clerk. *See* Bankr.R. 3001(e)(2). The clerk then must immediately notify the transferor of the evidence of the transfer to give that entity an opportunity to object. *Id.* If the transferor does not object, the transferee is then substituted for the transferor on the claim. *Id.* There is no requirement that the debtor be notified of the transfer. Consequently, the bankruptcy court did not err in finding that the CSLP had standing to object to Jordan's plan because it held two claims against the estate.

Likewise, the bankruptcy court's denial of Jordan's motion to confirm the plan was sound. Jordan claims that the reasoning of *Bruning v. United States,* a pre-Code case involving the nondischargeability of postpetition interest on tax debt, *see* 376 U.S. at 360, 84 S.Ct. at 907–08, does not apply to postpetition interest on student loans. She attempts to distinguish *Bruning* on the grounds that taxes have received special protection from Congress not applicable to student loans. As the bankruptcy court correctly observed, however, the issue is not whether taxes or student loans fall into a special category for bankruptcy treatment. It is whether the underlying debt is dischargeable or not. Thus, the *Bruning* rule that postpetition interest on a nondischargeable debt is likewise nondischargeable applies not only to interest on tax debt, *see Fullmer v. United States (In re Fullmer),* 962 F.2d 1463, 1468 (10th Cir.1992), but to interest on any debt that is nondischargeable under another Code section, *see, e.g. id.* (applying *Bruning* rule to interest on tax penalties held nondischargeable under § 523(a)(7)); *Payne v. Brace (In*

*re Brace),* 131 B.R. 612, 614 (Bankr. W.D.Mich.1991) (holding nondischargeable postpetition interest accruing on debt exempt from discharge under § 523(a)(2)); *Members Credit Union v. Kellar (In re Kellar),* 125 B.R. 716, 721 (Bankr.N.D.N.Y. 1989) (same).

Accordingly, the bankruptcy court's judgment denying Jordan's motion to confirm her Chapter 13 plan is AFFIRMED.