In re Wendel W. WASSON, SS# 452–59–9172, aka Wade Wasson, and Angela L. Wasson, SS# 585–27–0504, aka Angela L. Henton, Debtors.

Bankruptcy No. 13–92–12785 MA.

United States Bankruptcy Court,
D. New Mexico.

March 5, 1993.

Harry G. W. Griffith, Jr., Albuquerque, NM.

Elizabeth Sanchez, Albuquerque, NM.

### MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court for confirmation of the debtors' Chapter 13 plan and on the objection filed by the New Mexico Educational Assistance Foundation ("NMEAF"). NMEAF objects because debtors' plan does not provide for post-petition interest on a non-dischargeable student loan. The debtors and the trustee contend that NMEAF is not entitled to interest on its claim and, thus, the plan should be confirmed. Having considered the facts, the briefs, the applicable law and otherwise being fully informed and advised, the Court will deny NMEAF's objection and confirm the debtors' Chapter 13 plan.

### FACTS

Angela Wasson has an outstanding student loan from NMEAF in the amount of $2,1616.20 with interest accruing at 8% per year. The first payment on Angela Wasson's student loan was due June 1, 1992, and interest began accruing on that date. On August 3, 1992, the debtors, Wendel and Angela Wasson ("Wasson"), filed a Chapter 13 bankruptcy petition. NMEAF filed a timely Proof of Claim for the student loan in the amount of $2,616.20 with interest accruing at 8% per year. Wasson's plan provides for the full payment of the student loan principal and the pre-petition interest. The plan does not, however, provide for the payment of post-petition interest on the student loan. NMEAF objects to the confirmation of the plan because the plan fails to provide for payment of the contractual interest rate until the principal is paid in full.

### DISCUSSION

The Bankruptcy Code contains divergent sections which address but do not answer the question before this Court. The relevant Code section states:

> As soon as practicable after completion by the debtor of all payments under the plan, ... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt ... of the kind specified in section ... 523(a)(8).

11 U.S.C. § 1328(a). Section 502(b)(2) provides that creditors' claims for unmatured interest are disallowed. *Id.* at § 502(b)(2). Section 523(a)(8) exempts student loans from discharge in bankruptcy. *Id.* at § 523(a)(8).

In answering the question before this Court, we first examine the language of the relevant Code sections. The language of sections 502(b)(2) and 523(a)(8) is ambiguous. The definition of the word "loan" in section 523(a)(8) fails to provide any guidance. Loan is defined as "delivery by one party to and receipt by another party of [a] sum of money upon agreement, express or implied, to repay it with or without interest." Blacks Law Dictionary, (6th ed. 1990) (emphasis added).

As the language of the applicable Code sections is ambiguous, we next examine the relevant sections' legislative history. The legislative history of section 523(a)(8) sheds no light on whether Congress intended the use of the word "loan" in this section to exempt solely the principal of the student loan from discharge or both the principal and interest. The legislative history of section 502(b)(2), which disallows creditors' claims for unmatured interest, only provides that "interest stops accruing at the date of filing of the petition [and] ... [that] bankruptcy operates as the acceleration of the principal amount of all claims against the debtor." HR Rep. No. 595, 95th Cong. 1st Sess. 352–354 (19770; S Rep. No. 989, 95th Cong. 2nd Sess. 62–65 (1978).

As Congress's intent is unclear from the language of the Code and the legislative history, we turn to rules of statutory construction for guidance in interpreting the statute. *See generally Gray v. Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor,* 943 F.2d 513 (4th Cir.1991). The applicable

rule of statutory construction is that "a general statutory rule usually does not govern unless there is no more specific rule." *Green v. Bock Laundry Machine Co.*, 490 U.S. 504, 524, 109 S.Ct. 1981, 1992, 104 L.Ed.2d 557 (1989). In the instant case, section 523(a)(8) of the Bankruptcy Code gives the general rule that student loans are non-dischargeable. 11 U.S.C. § 523(a)(8). Section 523(a)(8) does not govern the issue of post-petition interest on student loans, however, because section 502(b)(2) is the more specific rule which disallows creditors' claims for unmatured interest. *Id.* at § 502(b)(2).

NMEAF asserts that in practice, courts do not interpret section 502(b)(2) literally. Admittedly, "bankruptcy administration has chosen a middle way as a matter of policy," awarding creditors post-petition interest in certain situations. Collier On Bankruptcy, § 502.2 at 502–31 (15th ed., 1991). Generally, post-petition interest has been allowed in situations where the debtor was found solvent or the creditor was over-secured. *See e.g., In re Busman*, 5 B.R. 332 (Bankr.Ct.E.D.N.Y.1980).[1] In the instant case there is no evidence that Wasson is solvent. NMEAF, moreover, is not a secured creditor because student loans are unsecured claims. The facts of this case therefore do not fall within the two recognized exceptions to section 502(b)(2) which allow creditors' claims for unmatured interest.

The only reported case to address the facts now before this Court is *In re Jordan*, 146 B.R. 31 (D.Colo.1992). In *Jordan*, the Colorado Student Loan Program objected to the confirmation of debtor's Chapter 13 plan because the plan failed to provide for post-petition interest on debtor's student loan. *Id.* at 32. In affirming the

bankruptcy court's decision that post-petition interest on a student loan is non-dischargeable, the Colorado District Court relied on *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). *Bruning* held that post-petition interest on a non-dischargeable tax debt is also non-dischargeable. *Id.* The district court reasoned that "the *Bruning* rule that post-petition interest on a non-dischargeable debt is likewise non-dischargeable applied not only to interest on tax debt, but to interest on any debt that is non-dischargeable under another Code section." *Id.* at 32

Although *Jordan* is similar to the instant case, it is neither controlling nor persuasive in light of this Court's decision in *In re Christian*, 25 B.R. 438 (Bankr.D.N.M. 1982).[2] In *Christian*, the IRS objected to debtors' Chapter 13 plan because the plan did not provide for interest on the IRS's claim. *Id.* at 438. The plan did provide that the tax debt and pre-petition interest would be paid in full under the plan. *Id.* We held that the IRS was not entitled to post-petition interest on its unsecured priority claim. *Id.* The Court reasoned that section 502(b)(2) and section 1328 denied the IRS's claim for post-petition interest under the plan and prohibited the IRS from attempting to collect the interest from the debtor after completion of the plan. *Id.*

The IRS, in *Christian*, also relied on *Bruning v. United States* to support its position that it was entitled to post-petition interest on its claim. *Id.* In finding that *Bruning* did not apply to a tax debt which was fully paid out of the estate, the Court distinguished *Bruning* on several grounds. *Id.* at 438. First, *Bruning* was decided under the former Bankruptcy Act. *Id.* Second, *Bruning* "was limited to a case

1. The court in *Busman* held that the IRS was entitled to post-petition interest on its priority secured claim because the collateral securing the tax claim exceeded the value of the claim. *Busman*, 5 B.R. at 336; *see also* Collier on Bankruptcy, § 502.2 at 502–34.

2. A court must give considerable weight to its own previous decisions "unless and until they are overruled or undermined by the decisions of a higher court, or other supervening developments such as a statutory overruling." *Colby v.*

*J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir.1987), on remand 705 F.Supp. 425, vacated on reconsideration 127 F.R.D. 509 (N.D.Ill. 1989). The U.S. Supreme Court has further stated that a court's point of statutory construction is given special force as precedent because "congress remains free to alter what we have done." *Patterson v. McLean Credit Union*, 491 U.S. 164, 173, 109 S.Ct. 2363, 2370, 105 L.Ed.2d 132 (1989).

where the claim for taxes was not paid out of the estate and so the tax survived the bankruptcy and became a responsibility of the debtor through operation of the Act." *Id.* at 438–39. As *Bruning* does not apply to cases in which tax debts are fully paid out of the estate, it logically follows that *Bruning* should not apply to student loan debts which are fully paid out of the estate. Therefore, even though the facts in *Jordan* are identical to the facts before us, *Jordan* is not dispositive as it relies on *Bruning*,[3] a case which we have distinguished. We are thus guided by our decision in *Christian.* In the instant case, no debt for the student loan will survive bankruptcy. The debtor's plan provides that the principal and pre-petition interest will be paid in full.

Moreover, as a matter of policy, we have stated that "until all creditors are paid in full, creditors will not be allowed to assess unmatured interest." *Christian,* at 439. In the instant case, Wasson's chapter 13 plan does not provide that all creditors will be paid in full. Wasson's plan provides that unsecured creditors will only be paid a 7% dividend.

In summary, we hold that the Bankruptcy Code does not allow a creditor's claim for post-petition interest on a non-dischargeable student loan when the underlying claim is paid in full from the bankruptcy estate. Accordingly, NMEAF's objection will be denied and the debtor's Chapter 13 plan will be confirmed.

An appropriate order shall enter.

---

**3.** The cases NMEAF cites in its brief for the proposition that post-petition interest is allowed to run on tax claims rely on *Bruning* and are therefore inapplicable. *See, In re Irvin,* 129 B.R. 187 (W.D.Mo.1990); *In re Putnam,* 131 B.R. 52 (Bankr.W.D.Va.1991); *In re Fullmer,* 962 F.2d 1463 (10th Cir.1992); *In re Stahly,* 117 B.R. 410 (Bankr.N.D.Ind.1989).