**In the Matter of Lynette BRANCH, Debtor.**

**Lynette BRANCH, Plaintiff,**

**v.**

**UNIPAC/NEBHELP and The United States of America, Acting Through the Department of Education, Defendant.**

**Bankruptcy No. BK93–81413.**
**Adv. No. 93–8190.**

United States Bankruptcy Court, D. Nebraska.

Dec. 13, 1994.

Albert Burnes, Omaha, NE, for debtor.

Paul Peter, Lincoln, NE, for defendant.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

This adversary complaint is before the Court. Appearing on behalf of debtor is Albert Burnes of Omaha, Nebraska. Appearing on behalf of the defendant is Paul Peter, of Bruckner, O'Gara, Keating, Hendry, David & Nedved, P.C., Omaha, Nebraska. This memorandum contains findings of fact and conclusions of law required by Fed. Bankr.R. 7052 and Fed.R.Civ.P. 52. This is

a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

### Background

This adversary proceeding arises in the context of a Chapter 13 case. The debtor owes some amount of money on a guaranteed student loan acquired prepetition. She originally filed this adversary proceeding requesting an Order discharging her student loan on the basis that it had been in repayment for more than seven years. However, after the complaint was filed and discovery was had, the debtor acknowledged that the student loan obligation could not be discharged for that reason under 11 U.S.C. § 523(a)(8)(A) or under the statutory provision for discharge of a student loan for undue hardship, 11 U.S.C. § 523(a)(8)(B).

Since the debtor acknowledges that the debt is not dischargeable, the only issue remaining for determination by the Court is whether the debt continues to accrue interest after the bankruptcy petition is filed.

The parties stipulated to the underlying factual matters, including the validity of the documents supporting the debt, the amount of the debt and the nondischargeability of the debt. They submitted briefs on the legal issue of the continuing accrual of interest on the nondischargeable debt after the bankruptcy petition was filed.

### Issue

Does interest continue to accrue post petition on a nondischargeable debt, and is such interest, if accruing, nondischargeable?

### Discussion and Conclusions of Law

■ This legal issue first arose in a case decided by the Supreme Court prior to the enactment of the Bankruptcy Code of 1978. In that case, *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the Supreme Court determined that interest accruing on a nondischargeable tax debt owed to the United States was also not dischargeable and did not cease to accrue upon the filing of a bankruptcy case. That decision was followed by the Eighth Circuit Court of Appeals in *Hanna v. United States (In re Hanna)*, 872 F.2d 829 (8th Cir.1989).

The *Hanna* case was filed under Chapter 7 of the Bankruptcy Code and dealt with interest accruing on a nondischargeable federal tax obligation. The court specifically found that interest accruing on a nondischargeable tax debt is such an integral part of the underlying tax claim that it should be treated the same as the underlying nondischargeable claim. In addition to the argument that interest on the nondischargeable tax debt should be deemed dischargeable, the debtors apparently argued that since unmatured interest is not to be allowed against the bankruptcy estate pursuant to Section 502(b)(2), such post-petition interest should not be collectible from the debtors. The court stated:

[T]he general rule "disallowing" the payment of unmatured interest out of the assets of the bankruptcy estate is a rule of administrative convenience in fairness to all creditors. The rule makes it possible to calculate the amount of claims easily and assures that creditors at the bottom rungs of the priority ladder are not prejudiced by the delays inherent in liquidation and distribution of the estate. But when concerns for administrative convenience and fairness are not present, postpetition interest will be "allowed" . . .

Taken together, sections 502 and 523 simply demonstrate Congress' intent to codify the general principle that applied under Bruning. Postpetition interest is disallowed against the bankruptcy estate under section 502. Priority tax claims remain nondischargeable for individual debtors. Under both the Act and the Code, Congress attempted to balance the interests of the debtor, creditors and the government, and in the instance of taxes and interest on such, Congress has determined that the problems of financing the government override granting debtors a wholly fresh start. . . . Thus, postpetition interest is nondischargeable and the Hannas remain personally liable for that interest subsequent to bankruptcy proceedings.

*Hanna*, 872 F.2d at 830–31.

Although *Bruning* and *Hanna* are tax cases, most courts that have faced the issue

have applied the same logic to fact situations in which the debt is not for taxes but is nondischargeable pursuant to one or another subsection of 11 U.S.C. § 523(a). In *Jordan v. Colorado Student Loan Program*, 146 B.R. 31 (D.Colo.1992), the district court, on appeal, determined that the debtor would not be allowed to toll the accrual of interest on a nondischargeable student loan during the pendency of the Chapter 13 bankruptcy plan. In response to the argument that the *Bruning* case simply represented an example of the court protecting the interest of the government in collecting taxes, and did not represent a general policy to permit interest to continue to accrue on nondischargeable debts post bankruptcy petition, the court stated:

> As the bankruptcy court correctly observed, however, the issue is not whether taxes or student loans fall into a special category for bankruptcy treatment. It is whether the underlying debt is nondischargeable or not. Thus, the *Bruning* rule that post-petition interest on a nondischargeable debt is likewise nondischargeable applies not only to interest on a tax debt ... but to interest on any debt that is nondischargeable under another Code section....

*Id.* at 32.

The *Jordan* court cited, as support for its position, *Payne v. Brace (In re Brace)*, 131 B.R. 612, 614 (Bankr.W.D.Mich.1991) (holding nondischargeable post-petition interest accruing on debt exempt from discharge under Section 523(a)(2)) and *Members Credit Union v. Kellar (In re Kellar)*, 125 B.R. 716, 721 (Bankr.N.D.N.Y.1989) which ruled in the same manner as *Brace*.

Recently, the Bankruptcy Court for the Northern District of Georgia addressed the same issue that is present in this case. In that case, *In re Shelbayah*, 165 B.R. 332 (Bankr.N.D.Ga.1994), the court did a detailed analysis of Section 1328(a) and Section 502(b)(2). It concluded that a claim for unmatured interest is a "debt" as defined under 11 U.S.C. § 101(12). *Id.* at 334. The court reasoned that a nondischargeable "debt" under Section 523(a)(8) encompasses the entire amount of the obligation, including a claim for unmatured interest. *Id.* The Court further determined that, while Section 1328(a) may generally discharge a debt disallowed under Section 502(b)(2) for unmatured interest on general unsecured claims, such section does not discharge a debt for unmatured interest which is part of a nondischargeable obligation under Section 523(a)(8). *Id.* at 335, 337.

All, except one, of the courts which have faced this question have decided that post-petition interest on a nondischargeable debt continues to accrue and is collectible from the debtor at some point in time. The exception is the case of *In re Wasson*, 152 B.R. 639 (Bankr.N.M.1993). The *Wasson* court determined that disallowance of unmatured interest under Section 502(b)(2) is the equivalent of a statutory or court ordered non-accrual of interest.

The *Wasson* analysis is contrary to the logic of *Hanna*, the authority in this circuit. Since the *Hanna* case has already determined that disallowance of unmatured interest may preclude collection of post-petition interest from the estate, but not preclude collection of that post-petition accruing interest from the debtor at some point in time, this bankruptcy court shall follow the logic of the Eighth Circuit *Hanna* decision and not further comment upon nor follow the *Wasson* decision.

### Automatic Stay

When this Chapter 13 case was filed, the automatic stay of 11 U.S.C. § 362(a) prohibited the student loan creditor from attempting to collect the nondischargeable student loan balance, except through the Chapter 13 plan or after obtaining relief from the automatic stay or, in the alternative, until awaiting the closing of the case. This student loan creditor has filed a claim in this case only for the amount due as of the date of the petition. This creditor takes the position that interest continues to accrue on the debt post petition, but acknowledges that it cannot attempt to collect such post-petition interest from the estate or from the debtor, until the case is closed unless the plan provides for payment of such post-petition interest.

*Conclusion*

Post-petition interest on a nondischargeable student loan debt is also nondischargeable. In addition, such post-petition unmatured interest, although apparently disallowed under 11 U.S.C. § 502(b)(2) and, therefore, uncollectible from the estate, continues to accrue and remain an obligation of the debtor following the closing of the case. Such a ruling leaves all unsecured non-priority claims to be dealt with similarly in a Chapter 13 plan, as required by the recent Eighth Circuit case of *In re Groves,* 39 F.3d 212 (8th Cir.1994). Any other result would create a windfall for a Chapter 13 debtor to the detriment of a creditor who holds a non-dischargeable debt. When Congress amended the Bankruptcy Code to make student loans nondischargeable in Chapter 13 cases, Congress did not indicate, either in the statutory language of the amendment or in any legislative history, that only the prepetition portion of the student loan would be nondischargeable. There is no statutory or logical basis for this Court to so limit the right of the creditor holding this nondischargeable claim.

Separate journal entry shall be filed.